## C KEUR & SONS v PAUL OFFENBERG NURSERY CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2593. Decided Feb 26, 1936

Binns & Tresemer, Columbus, and S. U. Robinson, Columbus, for plaintiff in error.
Stevenson & Stevenson, Columbus, for defendant in error.

## OPINION

By BARNES, PJ.

The above entitled cause is now being determined on proceedings in error from judgment of the Court of Common Pleas of Franklin County, Ohio. The parties appear in the same order in this court as in the court below. Plaintiff is a partnership located in New York City, New York. The defendant is a corporation located in Columbus, Ohio. Plaintiff's business was also located in Holland from which country flower bulbs were imported to their New York office for sale and distribution. Defendant, as the name implies was engaged in the nursery business and its activities were directed to growing and selling shrubbery. Jacob Keur was the active representative of the plaintiff company and Paul Offenberg was in the same position with the defendant company. Both were Hollanders and from the time of their first acquaintance in 1924 were social and business friends up to a short time preceding the present litigation. The business relations started in the spring of 1924 and continued year by year until about 1931.

Neither kept a very satisfactory or acceptable plan of bookkeeping.

In the early years of their business relations the defendant company was a purchaser of bulbs from plaintiff. Accounts were carried and from time to time checks were remitted as cash payments and at other times notes were given on account. The notes were frequently issued and given to Mr. Keur individually. The manner and

method of credits were somewhat involved and not readily understandable.

Plaintiff's petition prayed for an accounting and claimed a balance due of $3539.15.

Defendant denied that there was a balance due plaintiff, but on the contrary set out balance due it in the sum of $602.64. The answer also contains the averment of a complete settlement of the account between the parties on June 13, 1930, and then details the transaction between the parties following the date of claimed settlement. The prayer of the answer stipulated an agreement to submit the cause to the court as upon an accounting.

The trial court after hearing the evidence found in favor of the defendant and awarded judgment for the full amount claimed with interest. This is the final order from which error is prosecuted in this court.

In the final analysis the controverted questions are questions of fact and are determinable on the weight of the evidence. Under this situation we do not find it necessary to present in this opinion reference to the various items of account as would be our duty if determining the case de novo. However, we do find it necessary to carefully examine the record in the interest of determining whether or not the findings of the trial court are supported by competent evidence of such a character that under the rules of law it may not be disturbed as against the manifest weight of the evidence. There is presented to us very able briefs of counsel and also the written opinion of the trial court.

One of the weaknesses of plaintiff's case arises by reason of statements sent out from time to time to the defendant from the New York office purporting to show the status as of that date. These statements are introduced in evidence and are marked Exhibits 1, 5, 6, 7, 8 and 9. Exhibit 1 is dated August, 1926, and shows balance due of $1575.82. Number 5, dated July 18, 1927, starts with the 1926 balance and then itemizes other charges and credits leaving a balance due of $2022.27. Letter dated August 23, 1927, on the second page refers to the July 18th balance to which is added $6.96, as a charge paid at Holland Bakery Shop, Hoboken, New Jersey. This makes the balance due $2029.23, and this amount is carried into Exhibit 6, dated January 11, 1928, and with other items of charges and credits leaves a balance of $4590.23. This balance is then carried to Exhibit 7, being statement dated February 11, 1929, and upon which, after adding itemized charges and credits, leaves a balance of $1473.03.

This balance is again carried forward to statement, Exhibit 8, dated February 11, 1929, and after deducting two credits, leaves a balance of $1049.03. This balance is carried to Exhibit No. 9, dated February 11, 1930, and with itemized charges and credits shows a balance of $595.22. This is the last statement and it is the claim of defendant that following this statement full settlement was made on June 13 of the same year by giving two promissory notes in the sum of $200.00 each and adjustment and reduction of the balance by reason of collection charges and interest in the sum of $172.22 and the giving of check to plaintiff for the balance of $23.00. The check was never cashed and plaintiff claims same was never received. Plaintiff in presenting their case sought to present in chronological order merchandise shipments, starting May 22, 1924, up to and including October 17, 1930. This is set out in the brief of counsel in tabulated form showing the total merchandise charge account, $9061.26. To this is added claimed loan accounts redeeming bad check and collection charges, making a total of $12,117.99. The several items of merchandise totalling $9061.26 are either admitted by defendant or, with the exception of a few items, adequately proven. The items listed under "loans" are disputed as are also the collection charges. The credits are taken from a typewritten list shown in the record as Plaintiff's Exhibit "R", and purports to have been made out by Mr. Stevenson of counsel for defendant. It appears from the record that this list was made up prior to the trial when some negotiations were attempted in arriving at an agreement.

Try as we may, we are unable to make a reconciliation between the statements mailed to defendant by plaintiff as shown in Exhibits 1, 5, 6, 7, 8 and 9, and the statement of account as now set up in brief of counsel for plaintiff. The statements, Exhibit 1, showing a balance of $1575.82 in favor of the plaintiff only contains two merchandise items, totalling $370.31. A balance is made up of interest charges and notes. The merchandise account as presented in this case starts May 22, 1924, and down to March, 1926, when first merchandise item appears in statement, Exhibit 1, a total of merchandise had been shipped and received of $3076.13. It was the view of the trial court that these earlier items must have been settled, either by cash or notes, since no reference is made to them in any of the statements sent out by plaintiff. Some of this confusion in the account may arise by reason of the fact that

Mr. Jacob Keur took notes in his individual name so as to avoid appearance of unpaid balance in the home office in Holland. Whatever the situation, we are unable to say that the trial court was not warranted in accepting the balances as shown in the various statements, Exhibits 1, 5, 6, 7, 8 and 9. In addition, the trial court also found in favor of defendant in its claim that on July 13, 1930, there was an accord and satisfaction. This is the date on which defendant claims that it settled the balance due by giving to plaintiff a check for $23.00. The details of this claimed settlement were given in evidence by Mr. Paul Offenberg. Mrs. Paul Offenberg testifies that she heard the statement made that the accounts were now settled. Mr. Gorrisen, father of Mrs. Offenberg, and the then bookkeeper of the defendant company, also gives testimony of the presentation of a check and a statement of settlement. Mr. Jacob Keur denies the incident in toto. The $23.00 check was never cashed and this in a measure is corroborative of his denial of the transaction. However, there is presented to us solely a question of fact, and under the state of the record the determination of the trial court should not be molested. We agree with counsel for plaintiff that an accord and satisfaction may be avoided under mutual mistake.

The claimed mutual mistake is that the balance as shown in statement, Exhibit 9, was not correct. The trial court found otherwise and under the state of the record we are not warranted in disturbing it.

Another item of controversy is that shown by plaintiff's Exhibit "G". This exhibit is the order book carried by Mr. Keur and is dated January 12, 1925. On the margin is written the following: "The total of $1000.00 loaned from J. Keur will be returned before August next plus interest." The order is signed by Offenberg Nursery Company per Paul Offenberg. The latter claims that this writing on the margin was not on the order book at the time the order was given and also denies any loan as of that date. We find no reason to disturb the conclusions of the trial court on this disputed fact. We now refer to the shipment of evergreens made by defendant company to plaintiff in April, 1931. Plaintiff claims that this shipment was made on consignment whereas defendant contends that it was a sale. Again, we have a question of fact resolved by the trial court in favor of the defendant. We as a reviewing court would not be warranted in disturbing this conclusion.

Finding no prejudicial error in the record,

the judgment of the lower court will be affirmed at costs of plaintiff in error.

Exceptions will be allowed.

HORNBECK and BODEY, JJ, concur.